IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**STEVE HIBLEY and LORI HIBLEY**                                  **PLAINTIFFS**

**v.**                                                                                  **No. 2:08cv275 KS-MTP**

**TRACEY MATHIS, MARK MATHIS,**
**TRAVELERS PROPERTY CASUALTY COMPANY**
**OF AMERICA and JOHN DOES 1-5**                                **DEFENDANTS**

<u>**ORDER**</u>

This matter is before the court on a Motion for Protective Order [13], Motion to Bifurcate [15] and a Motion to Stay Discovery [17] filed by Defendant Travelers Property Casualty Company of America ("Travelers"), and the court having considered the matter finds that the Motions to Stay and for Protective Order [13][17] should be denied and that the Motion to Bifurcate [15] should be granted in part and denied in part.

Plaintiffs' claims against Travelers in this action arise out of a car accident involving Plaintiff Steve Hibley and Defendants Tracey and Mark Mathis.[1] Having exhausted the insurance coverage available under the Mathis' insurance policy, Plaintiffs now seek recovery from Travelers under a policy apparently issued to Steve Hibley's employer for underinsured motorist and medical payments benefits. In their amended complaint, Plaintiffs seek underinsured motorists coverage under the policy, as well as compensatory and punitive damages for claims of, *inter alia*, bad faith, negligence and breach of contract. In the Motion to Bifurcate [15], Travelers requests that this court bifurcate the trial of this action, such that Plaintiffs' claims for

---

[1] Tracey and Mark Mathis were dismissed from this action prior to Travelers' removing it to this court. *See* docket [5-2]. Plaintiffs have moved the court to take judicial notice of this fact. The court hereby grants the motion [5] as unopposed.

underinsured motorists coverage and medical payments benefits are tried prior to and separate from their bad faith claims. In their Motion for Protective Order [13] and Motion to Stay Discovery [17], Travelers also requests that any discovery related to the bad faith claims be stayed pending resolution of the other claims.

Federal Rule of Civil Procedure 42(b) grants this court discretion to bifurcate claims and issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Travelers argues that Plaintiffs' bad faith, punitive damages and extra-contractual claims are separate and distinct from their claims for underinsured motorist coverage and medical payments and that to prevent prejudice and promote judicial economy, the trial of the two sets of claims should be bifurcated. Plaintiffs argue in response that bifurcation of the claims and a stay of discovery would cause them prejudice and would result in a waste of resources.

Having considered the parties' positions and the facts of this case, the court does not find that bifurcation of the two sets of claims is appropriate or necessary or that discovery should be stayed. Much of the discovery involving the various claims will involve the same people and many of the same records or documents. Proceeding with discovery as to all claims at this time is more efficient than a piecemeal approach.

While the court does not agree that bifurcation of the claims is appropriate or that a separate discovery schedule is needed, it does agree with Travelers' position that the issue of punitive damages must be considered in a separate phase of the trial as provided by Miss. Code Ann. § 11-1-65. Thus, to the extent that the motion to bifurcate [15] seeks a phased trial, it should be granted. In all other respects, the motion is denied.

IT IS, THEREFORE, ORDERED that Travelers' Motion for Protective Order [13] and Motion to Stay Discovery [17] are denied. Travelers' Motion to Bifurcate [15] is granted to the

extent that it demands a phased trial on the issue of punitive damages under the procedures set forth in Miss. Code Ann. § 11-1-65. In all other respects the Motion to Bifurcate [15] is denied. Plaintiff's Motion for Judicial Notice [5] is granted.

    SO ORDERED this 19th day of March, 2009.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge